# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

PAUL PATRICK JOLIVETTE,
    Petitioner,
    v.
PEOPLE OF THE STATE OF CALIFORNIA,
    Respondent.

Case No. 19-cv-04213-EMC

**ORDER OF DISMISSAL**

Docket No. 1

Paul Patrick Jolivette, a prisoner at the California Men's Colony in San Luis Obispo, filed this action seeking a writ of mandamus under 28 U.S.C. § 1651 and applied to proceed *in forma pauperis*.

The action is now before the Court for initial review pursuant to 28 U.S.C. § 1915A, which applies to prisoner actions and requires the court to identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

This is a sovereign-citizen sort of action. Mr. Jolivette alleges in his petition that he is "subject to the laws and rules of the Atlan Amexem Al Moroc tribal government and availed himself of relief in that court on May 29, 2013." Docket No. 1 at 2. According to Mr. Jolivette, he filed a complaint with the Shaykamaxum Grand/Supreme Court asking that court to discharge him from state custody and any other and all obligations imposed upon him by the California Superior Court and the Respondent," and that court entered a default judgment in Mr. Jolivette's favor in 2013. *Id.* Mr. Jolivette petitions this court to "direct the respondent to specifically

perform the judgment of the Tribal Court" of Shaykamaxum,[1] which would include his release from prison. *Id.* at 3.

Mr. Jolivette has been peddling some variant of his theory that he must be released pursuant to a judgment of the Shaykamaxum Grand/Supreme Court for several years. He has tried without success to have the Shaykamaxum "judgment" and "default judgment" registered as judgments of a sister state in several district courts. *See Jolivette v. People of the State of California*, N.D. Cal. 14-mc-80001 RS at Docket No. 9 (Feb. 11, 2015, order describing procedural history and stating that an "appeal, like the attempt to register the purported 'judgment,' is frivolous"); *Jolivette v. People of the State of California*, E. D. Cal. No. 2:13-cv-1882 LKK DAD PS (dismissed for lack of subject matter jurisdiction when petitioner was unable to show that the Shaykamaxum Grand/Supreme Court was real and had issued an enforceable judgment); *Jolivette v. Acosta*, D. Nev. No. 2:14-cv-130 JCM-GWF at Docket No. 5 (Jan. 28, 2014, order rejecting plaintiff's request for a writ of execution because the district court could not determine the identity of the court that supposedly issued the judgment sought to be enforced where the judgment was from "an 'adjudicator' near the zip code '95829'" and one document "bears a signature from an officer of 'the unincorporated United States of America'"); and *id.* at Docket No. 6 (striking the registration of foreign judgment filed by petitioner as erroneously filed). *Cf. Thomas v. California Department of Corr. and Rehab.*, 2018 WL 3129811 (June 20, 2018) (rejecting case filed by another inmate attempting to register purported foreign judgments on Jolivette's behalf).

---

[1] Courts have been skeptical that the tribal government of Atlan Amexem Al Moroc and the Shaykamaxum Grand/Supreme Court are genuine legal entities. *See, e.g., Jolivette v. Superior Court*, 2013 WL 6331356, *1 (E. D. Cal. Dec. 5, 2013) (rejecting request to register judgment purportedly issued from Shaykamaxum Grand/Supreme Court and observing that "there is no indication that such a government exists or is recognized by the United States").

Neither Atlan Amexem Al Moroc nor Shaykamaxum are included on the list of the Indian tribal entities recognized and eligible to receive services from the United States Bureau of Indian Affairs – not today and not in 2013 when the judgment purportedly was entered. *See* 84 Fed. Reg. 1200 (Feb. 1, 2019) (2019 list); 78 Fed. Reg. 26384 (May 6, 2013) (2013 list). And neither of those entities are included on the U.S. State Department's list of independent states, available at https://www.state.gov/independent-states-in-the-world. Lastly, neither of those entities turns up in an inquiry into the archives of the Office of the Historian at the U.S. State Department, available at https://history.state.gov/search.

2

Mr. Jolivette also has filed various actions purporting to enforce his right to be released pursuant to the Shaykamaxum Grand/Supreme Court "judgment." Most importantly, Mr. Jolivette filed a petition for writ of mandamus in the Eastern District of California, *see Jolivette v. Superior Court of Solano Co.*, E. D. Cal. No. 2:19-cv-540-TLN-EFB ("*Jolivette v. Superior Court*"), that was substantially identical to the present petition for writ of mandamus. Indeed, many of the pages in the present petition appear to be photocopies of pages from the petition filed in the Eastern District, with only the signature dates changed. *Compare* Docket No. 1 at 2, 3, 4 and 6-17 in the present action *with* Docket No. 1 at 2, 3, 4 and 6-17 in *Jolivette v. Superior Court*. The Eastern District action was filed on March 27, 2019, and dismissed on October 1, 2019.[2]

The petition in this action is frivolous because it is duplicative of the petition filed in *Jolivette v. Superior Court*. *See Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995)*; Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (duplicative or repetitious litigation of virtually identical causes of action is subject to dismissal under 28 U.S.C. § 1915 as malicious); *see also Adams v. California Dept. of Health Services*, 487 F.3d 684, 689 (9th Cir. 2007) ("Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'") The petition for writ of mandamus in this action repeats claims made in *Jolivette v. Superior Court*. Although the petitions have different governmental entities as the named respondents, both petitions espouse the

---

[2] Mr. Jolivette more recently filed a petition for writ of habeas corpus in the Eastern District. A magistrate judge has recommended that it be dismissed for lack of jurisdiction because, even if the Shaykamaxum court is a legitimate tribal court, tribal courts have no jurisdiction "to construe, alter or overrule, a state criminal conviction or sentence" cannot "obtain jurisdiction over a state merely by serving process on its official representative," and the petition did not allege that petitioner was in custody in violation of the Constitution or laws or treaties of the United States. *Jolivette v. Gastello*, E. D. Cal. No. 2:19-cv-2173 KJM AC P at Docket No. 7 (order filed December 4, 2019). The action has not yet been dismissed because the time period for Mr. Jolivette to object to the findings and recommendations has not yet expired.

Several years ago, in 2016, Mr. Jolivette filed a petition for writ of mandamus in the Southern District of California claiming entitlement to release from prison based on, among other things, the purported 2013 judgment from the Shaykamaxum Grand/Supreme Court. *Jolivette v. Madden*, S. D. Cal. No. 16-cv-1791-H-JLB at Docket No. 1 at 2. The district court did not look at the merits of the purported judgment and instead dismissed the petition because the district court was without authority to issue mandamus relief against a state official. *Id.* at Docket No. 2 (August 25, 2016 order).

3

same legal theories and both seek to enforce the same default judgment purportedly entered in August 2013 by the Shaykamaxum Grand/Supreme Court.

Accordingly, this action is **DISMISSED** with prejudice because it is frivolous. The Clerk shall close the file.

**IT IS SO ORDERED**.

Dated: December 12, 2019

_____
EDWARD M. CHEN
United States District Judge